Chief Judge Breitel
(concurring). I concur in result, but I do not conclude that the gross purchase price for the option and its exercise has "controlling significance” in determining the value of one-half interest in the land acquired by defendant. The two one-half interests in the land, as argued by defendant, were not equal. One-half interest is owned by the long-term lessee, and the other is burdened by the lease without an option to terminate the lease if hotel use should cease to be the highest use. I accept, albeit with some doubt, that Special Term should have accorded some recognition to the gross option price as an index of value of the land. The *279 important thing, however, is that the unique purchase of the option under the unique economic factors applicable to this unique transaction provided no reliable, let alone a conclusive, index of value which a price fixed between willing buyers and willing sellers in the open market would represent.
I vote to affirm, nevertheless, because the Appellate Division in reversing Special Term, despite its reference to "controlling significance”, in fact awarded a 15% higher value to the land than would have resulted from giving mechanical recognition to the gross purchase price for the option.
Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur with Judge Cooke; Chief Judge Breitel concurs in result in a separate opinion.
Order affirmed, with costs.